UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Teresa Raposo

    v.                            Civil No. 13-cv-165-JL

U.S. Department of Veterans
Affairs, Secretary

### ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE

The Preliminary Pretrial Conference was held in chambers on **July 31, 2013.**

The Discovery Plan (document no. 6) is approved as submitted.[1] Jury trial is scheduled for **October, 2014.** Because the parties chose a summary judgment deadline that precedes the close of discovery, they are advised that Rule 56(d) relief should not be presumed.[2]

**Summary Judgment.** The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and

---

[1] The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed–-not a deadline by which discovery is to be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

[2] Notwithstanding the court's adoption of the parties' proposed summary judgment deadline, the parties may move for summary judgment on any issue at any time prior to that deadline. They are advised, however, that any motions for summary judgment that are directed at discrete issues and filed well before the close of discovery are unlikely to receive expeditious treatment.

delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions**.  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes**.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 1, 2013

cc:   Stephen A. Duggan, Esq.
      T. David Plourde, AUSA